GODFREY MORSE, Receiver, v. P. J. HAMILL, Sheriff, and W. T. MINCHEN, Appellants.

**Replevin:** PLAINTIFF'S TITLE. Plaintiff, in an action of replevin against a sheriff and attaching creditor, for goods held under an attachment against a third person, must show that he is the owner of the goods or entitled to their possession, and such burden is not met by evidence that the goods were sold to said third person, without testimony that the sale was rescinded.

*Appeal from Carroll District Court.*—HON. C. D. GOLDSMITH, Judge.

FRIDAY, APRIL 10, 1896.

PLAINTIFF, the duly appointed receiver of the firm of Weil, Dreyfus & Co., brings this action to recover the possession of three certain boxes of general merchandise, of the value of seven hundred and ten dollars and fifty-nine cents, of which he alleges he is the absolute and unqualified owner, from the possession of the defendant sheriff. The defendants answered, denying generally, and by way of amendment alleged as follows: "The said goods were not replevined by plaintiff, nor the coroner for them, but the return of the replevin in this action is erroneous, and does not state

the facts; that said coroner never did, in fact, levy said writ of replevin on said goods, and never in fact delivered said goods to plaintiff, and never in fact took them from the sheriff." At the conclusion of the evidence for plaintiff, the defendants moved for a verdict, upon the ground that it was not shown that plaintiff was the owner of the goods, or entitled to the possession of the same, which motion was overruled. After all the evidence was introduced, the plaintiff moved the court for a verdict, which motion was sustained, and judgment entered for the plaintiff for the possession of the goods and for costs. Defendants appeal.—*Reversed.*

*A. U. Quint* and *F. M. Powers* for appellants.

*W. R. Lee* and *George W. Bowen* for appellee.

GIVEN, J.— Plaintiff claims possession of the goods in question by virtue of being the absolute and unqualified owner thereof, while the defendant Hamill, as sheriff, claims them by virtue of the levy of a writ of attachment in his hands in favor of defendant Minchen against Nichols. Appellants contend that the plaintiff failed to prove ownership, and the court, therefore, erred in directing a verdict for the plaintiff, and in rendering judgment thereon. The only evidence of ownership offered by the plaintiff was that of Mr. Lee, traveling salesmen for the plaintiff. He was asked: "Do you know whose goods these were that you examined there in the jewelry store, in the presence of the sheriff and myself?" Defendants objected as incompetent, the objection was overruled, and the witness answered: "I do." He was then asked: "Whose were they?" Defendants objected as incompetent, which objection was overruled, and defendants excepted. The witness answered: "Belong to

Weil, Dreyfus & Co." This witness further stated that the goods had been billed to Jonas Nichols, Carroll, Iowa, in pursuance of a sale he had made to Nichols. No evidence whatever was introduced tending to show that the sale to Nichols had been canceled. If it may be said that the objections stated above were properly overruled, because the answers called for were merely preliminary to showing ownership in the plaintiff, we are left without any evidence whatever of ownership, but, upon the contrary, have evidence that the goods had been sold to Nichols. The plaintiff having failed to introduce any evidence of ownership, or right to possession, we think that the defendants' motion for a verdict should have been sustained, and that the plaintiff's motion for a verdict should have been overruled. Our conclusion is that the judgment of the district court must be REVERSED.